195 So. 443

**BENSON v. CITY OF ANDALUSIA.**

**4 Div. 152.**

Supreme Court of Alabama.

June 29, 1940.

Robert B. Albritton, of Andalusia, for appellee.

Mizell & Pearson, of Andalusia, for appellant.

Powell & Fuller, of Andalusia, amici curiae.

LIVINGSTON, Justice.

This action was brought under and by virtue of the provisions of the General Acts of 1935, page 777 et seq., providing for declaratory judgments.

The complainant in the court below, appellant here, who is a property owner in the city of Andalusia, Alabama, and whose property, as shown by the bill of complaint, is connected with the sewer system of said city, and who has a pecuniary interest in the question here presented, and has an actual controversy with the city of Andalusia, filed his bill of complaint in the Circuit Court of Covington County, Alabama, in Equity, against the City of Andalusia, a municipal corporation, praying for the construction of a certain ordinance and an amendment thereto; a determination of the validity of said ordinance and amendment, and for a declaratory judgment or decree stating the rights, status or other legal relations between complainant and respondent with reference to said ordinance and amendment.

The bill of complaint in this cause discloses that the city of Andalusia is the owner of a sanitary sewerage system. As to whether or not the system is one entire system, or is composed of two separate systems, is not entirely clear from the averments of the bill. But we deem that question not important here, for it sufficiently appears that the one, or both, as the case may be, is the property of the municipality.

The ordinance, as amended, which forms the basis of this action, and which is set forth in the bill of complaint, provides, in substance, for a "sewer service charge," graduated in amount according to the number of connections served, to be paid to the city of Andalusia by owners of premises which are connected with or served by the sanitary sewer system of the city of Andalusia. The ordinance further provides for a penalty in the nature of a fine for using the sanitary sewer system without first paying the "sewer service charge." And further that, upon the failure to pay the "sewer service charge" provided for, when due, and after the same has been delinquent for thirty days, and after five days' notice of such delinquency to the owner of the premises in default, such premises will be disconnected from the sanitary sewer system of the city.

Section 2 of the General Acts of 1935, page 777 et seq., provides: "Sec. 2. Power To Construe, Etc. Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

The bill of complaint in this cause, with appropriate demurrers thereto, presented to the court below but one question, and that is the validity of the ordinance as amended. That is to say, the authority of the municipality to pass such an ordinance, but not the manner or method of its passage. For, if the ordinance is an exercise of the legal authority of the city, the rights of the parties under it are perfectly obvious. If the ordinance is invalid there is, of course, nothing to adjudicate as to the rights, status or other legal relations of the parties under it. It is apparent that the trial court so viewed the pleadings, as did counsel for appellant and appellee, and counsel amicus curiae in their briefs.

The question then is, did the municipality have the authority to pass the ordinance and the amendment? Appellant insists that the ordinance, as amended, is violative of sections 6, 20 and 211 of the Constitution of Alabama, and the fifth and fourteenth amendments to the Federal Constitution. In our view of the record a determination of the city's authority to pass such an ordinance will answer these questions.

A sewerage system may be constructed and maintained by a municipality (Code of Alabama of 1923, § 2076), and when constructed is the property of the municipality, and the general public of the state

at large has no interest therein. 44 Corpus Juris page 1083, section 4000.

██ The right of a municipality to regulate and control, under its police powers, the use of its sewer system is a necessary incident to its ownership, and where the same has been constructed at the general expense of the municipality, which for aught that appears is the situation here, a reasonable charge for the use thereof may be fixed and enforced by the usual and appropriate procedure for the collection of such charge. MacMahon v. Baumhauer et al., 234 Ala. 482, 175 So. 299; 44 Corpus Juris, pp. 1085, 1086, 1087, sections 4003, 4004; Freeman v. Jones, 189 Ark. 815, 75 S. W.2d 226.

██ Such charges assessed for the use of the sewer system cannot be construed as a general tax. They are charges for special benefits received by certain persons residing in the city, but not enjoyed by all. Wichita Falls v. Landers, Tex.Civ.App., 291 S.W. 696; Mulkey v. City of Kaufman, Tex.Civ.App., 286 S.W. 620.

██ Under the police powers, the municipality, by ordinance, not arbitrary or discriminatory, may fix a reasonable charge for the use of its sewer system that may be enforced by the usual and appropriate procedure for the collection of such charges. And may sever a connection where it is illegally made or where the property owner fails to pay the stipulated charge. The removal of such connection is a reasonable regulation. MacMahon v. Baumhauer et al., 234 Ala. 482, 175 So. 299; 44 Corpus Juris 1088, section 4005.

██ A municipality owning its sewer system may also provide by ordinance that the use of such system, without the payment of a service charge, not arbitrary or discriminatory, is a misdemeanor punishable by fine, and such an ordinance does not violate constitutional inhibitions against imprisonment for debt. In the case of Bray v. State, 140 Ala. 172, 37 So. 250, 253, this court, quoting from Lee v. State, 75 Ala. 29, 30, said: "That fines, forfeitures, mulcts, damages for a wrong or tort, are not a debt within this clause of the Constitution * * * and when a citizen by his own misconduct exposes himself to the punitive powers of the law, the expense incident to his prosecution and conviction, each and all of these may result in subjecting the defaulter to a money liability. These are not debts incurred by contract inter partes, but are the result of being members of the social compact, or body politic. * * * Penalties are imposed in furtherance of some public policy, and as a means of securing obedience to law. Persons who incur these, are either in morals or law wrongdoers, and not simply unfortunate debtors unable to perform their pecuniary obligations" to whom the constitutional provisions against imprisonment for debt do not apply.

██ No facts are alleged in the bill of complaint to show that the ordinance, here questioned, is arbitrary, discriminatory or unreasonable. In fact, the ordinance itself is set forth in, and made a part of, the bill of complaint. The terms of the ordinance clearly disclose that the sewer service charge is based on a graduating scale, according to the service's rendered. Municipal ordinances are presumed to be reasonable, not arbitrary and not discriminatory. One claiming that an ordinance is unreasonable, arbitrary or discriminatory, has the burden of alleging and proving facts to support the claim. We hold that the bill of complaint in this cause fails to allege facts showing that the ordinance, as amended, is unreasonable, arbitrary or discriminatory. Nor does the same take property without due process of law, nor does the same show the levying of a "tax", as distinguished from a "sewer service charge", nor does the same show a denial of the equal protection of the law,— points insisted upon by appellants.

It follows, therefore, that the demurrers were properly sustained by the lower court, and the decree is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.