14 So.2d 728

**CITY OF LEEDS v. AVRAM.**

**6 Div. 151.**

Supreme Court of Alabama.
June 10, 1943.

428

Sadler & Sadler, of Birmingham, for appellant.

Rosenthal & Rosenthal, of Birmingham, for appellee.

FOSTER, Justice.

The question in this case is whether the owner of property occupied by a tenant is liable for the charges fixed by a city ordinance for the use of a sanitary sewerage system to which the property owner has made the necessary physical connections as also required by an accompanying ordinance.

The question is different as applied to the status existing before and after an amendment of the ordinance prescribing the rate of charges.

The ordinance in question SS2 was adopted August 27, 1936, as alleged in the bill filed by a property owner seeking a declaratory judgment (section 312, Title 37, Code of 1940). Another ordinance SS3 was adopted on the same day, requiring property owners to make physical connection with the system. The ordinance SS2, supra, was amended on February 2, 1942.

The trial court declares in a decree of the court that ordinance SS2, supra, prior to its amendment, did not impose the service charges against the landlord property owner for the use of the connection by the tenant; but did so after the amendment of that ordinance.

The city appeals and contends that the property owner was liable for such service charge before as well as after the ordinance was amended.

The property owner cross-assigns errors and contends that the court erred in holding that she was liable for such service charge after the amendment. These contentions are made to depend upon a construction of ordinance SS2, before and also after the amendment, supra.

Section 9, before the amendment, insofar as here material, is as follows: "That rates for the services to be furnished by said sewer system are established as follows:" Then follows a schedule of rates, graduated and dependent upon the kind and number of water services connected to it, not necessary to be here set out. There is nothing in section 9, nor elsewhere in the ordinance, which the parties claim sheds light on the subject.

■■ As we have observed, ordinance SS3, supra, requires the owner of the property to make physical connection with no provision for a service charge. This requirement seems to recognize the duty of the owner to improve the physical status of his property, so that its use may be sanitary. That feature of it requires the creation of such status. That the burden of it is placed upon the property owner offends no constitutional right which has been suggested. Allman v. City of Mobile, 162 Ala. 226, 50 So. 238; Spear v. Ward, 199 Ala. 105, 74 So. 27; Town of Leeds v. Cason, 217 Ala. 444, 116 So. 519. It was also held in substance in the Cason case, supra, that the town could sue in assumpsit for the construction cost (of what would here be the connection expense) which it incurred, on default of the property owner.

But such construction cost of the connection is entirely different from the charges of the city for the use of the service. There is no claim of exemption for liability by virtue of section 646, Title 37, Code of 1940.

■ And the right to make a charge for the use of the system constructed at the general expense of the city, under the statutes which now obtain and applicable to municipalities such as the city of Leeds, has been upheld by this Court, upon the adoption of an ordinance making such charge. Benson v. City of Andalusia, 240 Ala. 99, 195 So. 443; Section 326, Title 37, Code of 1940; McMahon v. Baumhauer, 234 Ala. 482, 175 So. 299.

The distinction is clear between a service charge and the cost of the connection to the system. The former is for the daily

430

use of the system, payable by the one who uses it unless the contrary is clearly expressed. The latter occurs but one time and that is at the time of the connection: it is in the nature of a permanent fixture and is a feature of the premises.

We would say, unless the ordinance is clear to the contrary, that the service charge falls on the tenant making use of the service: that the cost of connection falls on the owner of the premises making a permanent improvement to it.

Upon that theory we think the court properly held that prior to the amendment of ordinance SS2, supra, the property owner, this appellee, was not liable for the service charge for use of the system by the tenant, since the ordinance does not so provide.

But the amendment to the ordinance fixed a liability in express terms on the owner of the property, which we do not take to mean that the tenant is not also liable, and that primarily as between the two, with no controlling stipulation otherwise. This amendment is in substantially the same form as that considered in Benson v. City of Andalusia, supra. In that case the bill of complaint alleges that complainant was a property owner, but does not allege that the premises were occupied and used by a tenant. Another section of the ordinance there under consideration fixed the charge against the owner of the property, and no other person is expressly or impliedly there included. That case upheld the charge against the property owner with no question raised as to whether he would be liable if he did not occupy the premises and use the system. Taking the bill most strongly against him, it was properly construed as though he did not occupy it, or rather that under that ordinance it was immaterial. It was upheld as to him though he did not allege whether he was himself using the system in connection with said property. We think it is correct and conclusive here, and agree with the trial court that the property owner was liable after, but only after, the amendment to the ordinance, supra.

The decree is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.