38 So.2d 862

**ARMSTRONG et al. v. CITY OF MONTGOMERY.**

**3 Div. 509.**

Supreme Court of Alabama.

Feb. 17, 1949.

Robt. E. Coburn, Jr., of Montgomery, for appellants.

R. S. Hill, Jr. and Walter J. Knabe, both of Montgomery, for appellee.

BROWN, Justice.

Appeal in this case is from a declaratory decree rendered by the circuit court, in equity, upholding the constitutionality of § 595, Title 62, Code of 1940, relating to the Cities of Mobile and Montgomery. Subsection (2) thereof provides: "Each such city shall have the same power with reference to the construction or reconstruction

of sanitary sewer systems and sewage treatment or disposal plants and the construction or reconstruction of outlets for such sewer systems within the police jurisdiction of such city as it has within the corporate limits of such city."

Subsection (3), § 595, Tit. 62, Code of 1940 provides: "Each such city shall have the same power with respect to the assessment of the cost of any such construction or reconstruction against the property abutting upon or served or benefited or increased in value by reason of such construction or reconstruction, where such property is located outside of the corporate limits of such city and within the police jurisdiction of such city, as it has under existing law with respect to assessments against property located within the corporate limits of such city and served, benefited or increased in value by reason of such construction or reconstruction, and shall have the same power to issue bonds or negotiable notes to pay for such construction or reconstruction, as it has under law where such assessment is made against property located within the corporate limits of such city. All laws governing or relating to such assessments against property located within the corporate limits shall apply to such assessments made against property outside of the corporate limits and within the police jurisdiction of such city. All laws relating to the issuance of bonds to obtain money to pay for the cost of such construction or reconstruction, where the whole or any part of such cost is assessed against property located within the corporate limits of the city shall apply and govern the issuance and sale of bonds to obtain money to pay for cost of such construction or reconstruction, where such cost is assessed in whole or in part against property located outside of the corporate limits of such city and within the police jurisdiction of such city."

To fully understand the scope and purpose of said section it must be read in connection with § 601, Title 37, Code of 1940, which provides: "All cities and towns may make all needful provisions for the drainage of such city or town; may construct and maintain efficient sanitary and storm-water sewers, or sewer systems, either within or without the corporate limits of the city or town; may construct and maintain ditches, surface drains, aqueducts, and canals; build and construct underground sewers through private or public property, either within or without the corporate limits of such city or town, but just compensation must first be made for the private property taken, injured, or destroyed."

Section 513, Title 37, Code of 1940, dealing generally with powers conferred by the legislature on municipalities in subsection 2 provides: "The construction or reconstruction of sanitary sewers or sanitary sewer systems, including sewage treatment or sewage disposal plants; provided that the cost and expense, or any part thereof may be assessed against the property drained, served, or benefited by said sanitary sewers, or sanitary sewer system to the extent of the increased value thereof by reason of the special benefits derived therefrom."

■ There is an absence of averment in the bill filed by the appellants seeking to have said § 595 of Title 62, Code of 1940, declared unconstitutional, going to show that any of their property will be taken or damaged by reason of the construction contemplated by the city. In fact it is admitted that the proposed construction will improve or enhance the value of said property of the complainants and the contention seems to be that said § 595 is unconstitutional because the improvement will enhance the value of the complainants' property and require them to pay a greater ad valorem tax thereon. This contention is so manifestly unsound that the mere statement of the proposition answers the contention.

■ The power to assess private property for benefits received from local municipal improvements to streets and sewers is a taxing power vested in the legislature and to be exercised by a municipality must be expressly conferred by statute and when so conferred include necessary incidental powers. City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann.Cas.1915B, 746; Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467. Such assessment cannot be "in excess of the increased value of such * * * improvements." Constitution of

634

1901, § 223; Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325.

Constitutional provisions, found in §§ 223 and 235 contemplate judicial ascertainment of special benefits, where the property owner may protest and be heard on his objection by a body or court exercising judicial power. This is provided for in § 518, Title 37, Code of 1940. Board of Commissioners of the City of Mobile et al. v. Moore, 214 Ala. 525, 108 So. 568. And the essential element of due process is provided for in §§ 516, 517 and 518. City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann.Cas.1915B, 746.

The assignments of error challenging the correctness of the decree are without merit and said decree is due to be affirmed.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.