69 So.2d 709

**WATER WORKS & SANITARY SEWER BOARD OF MONTGOMERY et al. v. SULLIVAN et al.**

3 Div. 664.

Supreme Court of Alabama.

Nov. 5, 1953.

Modified on Rehearing Jan. 15, 1954.

216

Walter J. Knabe, Montgomery, for appellants.

Godbold & Hobbs, Montgomery, for appellees.

PER CURIAM.

This is a suit in equity by appellees as occupants and owners, separately, of property in the city served by the sanitary sewerage system of the city. The purpose is to enter a declaratory judgment that "The Water Works and Sanitary Sewer Board and the respondents, * * * as directors of said· board, have no right,

power or authority to levy any service charge for sewer service; that the respondents have no right, power or authority to levy the sewer service charges which have been levied * * * and that the respondents have no right, power or authority to levy a sewer service charge which is not graduated according to the extent to which property is benefited by service rendered the property by a portion of a sewer system which has been wholly or in part paid for in assessments and according to the extent to which the property is benefited by a sewerage disposal plant and to the extent to which the property is benefited by a sewerage treatment plant; that the respondents have no right, power or authority to levy a service charge which is without regard to the extent of benefits of the property affected; that the respondents have no right, power or authority to levy any service charge against any tenant who uses the sewer system in the city of Montgomery".

The board is alleged to have been organized under the provisions of Title 37, § 402(15), Pocket Part, Code, which is the Act of June 29, 1951, General Acts 1951, page 416.

A deed was executed by the mayor of the city of Montgomery to the board on September 2, 1952. On August 15, 1952, before the board acquired the system in question, it adopted a resolution prescribing a schedule of charges to be made for sewer service effective as of September 1, 1952. The rate is thereby regulated by the "amount of water used", graduated by the quantity. No exemption is made for a user whose premises were originally charged with all or a portion of the construction of the system.

The Act of 1951, supra, section 4, section 402(18), Title 37, Pocket Part, Code, provides for sewer service charges to be made by the board, but "provided that charges for services from any sewer system shall be established in such manner that there shall be no charge with respect to any portion of such sewer system that may have been paid for wholly or in part by assessments against the property specially benefited thereby, but any person whose property is served in part by a portion of a sewer system * * * not so paid for may be charged an appropriate rate for the service rendered such property by a sewer disposal plant, a sewage treatment plant or any other portion of a sewer system which has not to any extent been paid for by such assessments".

These complainants own and occupy property which was originally charged in whole or in part with the cost of sewers accessible to it. It is noted that in making the charge for sewer service by the board, no provision was made for exempting them from liability for the sewerage charge on account of having been assessed in whole or in part for the cost of the sewer to the extent that it was specially benefited by the same.

Section 223 of the Constitution prohibits an assessment by a city against abutting property owners for the cost of the construction of the sewers, "in excess of the increased value of such property by reason of the special benefits derived from such improvements." The power to make such assessment is a taxing power of the legislature conferred on the city by legislative enactment. Armstrong v. City of Montgomery, 251 Ala. 632, 38 So.2d 862; Sections 308, 601 to 646, Title 37, Code.

But since the assessment of the cost to property specially benefited is an exercise of the taxing power limited by section 223 of the Constitution, the revenue when received is that of the city usable for a special purpose, as required by law or for general purposes when not so required. Mitchell v. City of Mobile, 244 Ala. 442, 13 So.2d 664. The property owner does not own an interest in the physical properties of the system nor a franchise right to its free use. They belong to the city. There is no constitutional reason why the city cannot exact a proper charge for such use by any and everyone. A city is authorized to require sanitary connections to be made to its sanitary system. Sections 604, 606, Title 37, Code. This is presumably required by the city of Montgomery.

In the case of Carson v. Brockton Sewerage Commission, 182 U.S. 398, 21 S.Ct. 860, 45 L.Ed. 1151, it was held not to violate the Fourteenth Amendment (due process) of the United States Constitution if a city makes a charge for using its sanitary sewerage system, though its cost was assessed against property owners. This was in a case where property owners were not required to connect with the system. We find no case of the sort where property owners were required to connect. Compare, Carson v. Sewerage Commissioners, 175 Mass. 242, 56 N.E. 1, 48 L.R.A. 277; 127 A.L.R. 1375.

■ But under our Constitution, section 223, such assessment cannot be "in excess of the increased value of such property by reason of the special benefits derived from such improvements." This is limited to the "cost of the construction", and does not include its use as it does in some states. So that, although a tax is assessed, the project does not cost the property owner anything in a real sense. It merely requires him to share with others the increased benefits to him which arise from the system. The system when constructed or purchased belongs to the city, and not to the property owners who were taxed to pay for it. Such property owners not actually sustaining any loss by the assessment are not in position to complain of a use charge. The Constitution provides no limitation on a proposed use charge.

■ Rate making for a public utility service is legislative in character, and may be exercised by the legislature itself or an administrative agency by legislative authority. Mitchell v. City of Mobile, 244 Ala. 442, 13 So.2d 664; Avery Freight Lines v. White, 245 Ala. 618, 18 So.2d 394, 154 A.L.R. 732; Murray v. Service Transport, 254 Ala. 683, 49 So.2d 221; 43 Am. Jur. 624, 625. But it is the province of the courts to interpret and apply legislation and determine whether it abridges constitutional rights or requirements.

■ If an "appropriate" rate is attempted to be imposed by the board and it violates constitutional rights, the courts have the privilege of so decreeing but the courts cannot fix a rate. Certainly no exactitude of accuracy is required as a condition to the validity of the rate. The law, simply stated, is that when a sewer system draining property, throughout its course including its disposal plant, has been paid for in whole or in part by assessment for special benefits, no use charge is permitted. If some of it was not so paid, the board should by the Act lay an "appropriate" charge. We think this could be the same to all users of such plant without undertaking to apportion it according to any formula. The "appropriate rate" to be charged one who is served in part by a portion of the system paid for by assessment and in part by a portion not so paid for, as the statute requires, has no reference to the use to be made of the funds thereby derived. The service charge is to collect funds as compensation for the use of city property. Benson v. City of Andalusia, 240 Ala. 99, 195 So. 443; City of Leeds v. Avram, 244 Ala. 427, 14 So.2d 728. It is not important here what disposition is to be made by the city of those funds. Mitchell v. City of Mobile, supra.

■ The legislature has made three classes of users of the city's sanitary system. One class embraces those whose property was originally assessed to pay for the cost in whole or in part of the sewers, and when its flow is throughout served by sewers paid for by assessments to property thus served. (2) Another class applies where in the course of the flow it passes through sewers which in part were not paid for by assessment against the owners of the property. (3) Another class applies to those whose property is served by sewers constructed without assessing any of the cost to property owners. It is clear by the Act that class one, supra, cannot be charged for use of the sewer system to which he is required to connect and does so. It is also clear that class three, supra, must pay a standard charge, not confiscatory in amount since he is required to connect and not subject to any deduction or exemption. It is also clear that the legislature requires as to class 2, supra, that the only charge which can be made is one appropriate for

the use of that portion of the system paid for without assessing any of the cost of its acquisition to the property owners. Some drainage districts may have larger sections of the system acquired without assessment than others. The circumstance that one such district is more fortunate than another in that respect, but both affected in the same way but not to the same extent, should not be controlling in fixing the charge for its use. The legislature probably did not intend that each such district be measured in comparison with every other, but that the board could fix an appropriate rate applicable alike to all districts having those qualities without thereby creating an arbitrary discrimination. It is our view that the board should have made an effort to do so, effective as long as the law remains as enacted when this rate was fixed. It had not so undertaken up to the time this suit was begun. The law was changed in that respect by the Act of June 30, 1953 (No. 176), not here involved.

The decree of the trial court was (1) that the sewer service charges levied August 15, 1952 were illegal. In that respect, while such illegality only applies to the classes we have designated above as numbers one and two, they are all so interwoven as not to be severable, so that the whole rate structure as contained in the resolution of August 15, 1952 should be vacated. It follows that the decree of the trial court in this respect should be affirmed. (2) A permanent injunction was ordered as to the collection of any such charges fixed by the resolution of August 15, 1952. That naturally results from the foregoing. (3), (4), (5) and (6) features of the decree also follow in sequence.

This Court can only deal with the charges as made by the board by resolution dated August 15, 1952. If a new and different schedule of charges should be set up by the board it cannot become the subject matter of this suit. It relates only to existing facts.

The decree should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, MERRILL and CLAYTON, JJ., concur.

GOODWYN, J., not sitting.

On Rehearing.

PER CURIAM.

Appellants insist that there is only one class of sewer users in Montgomery, and they belong to class No. 2. That is, those whose property is served by sewers, some part of which was paid for by assessment against property owners. The charge as made does not take into consideration that status. The ordinance cannot be so construed as to comply with the legal requirement in that respect. It is "that there shall be no charge with respect to any portion of such sewer system that may have been paid for wholly *or in part* by assessments against the property specially benefited thereby, but any person whose property is served *in part* by a portion of the sewer system not so paid for may be charged an appropriate rate for the service rendered such property by a sewer disposal plant", etc.

The rate for sewer service did not undertake to comply with that feature of the law, assuming that all property owners on whom the charge is made belong to that class (No. 2). They should know the basis on which the charge is made when the law so requires. When they are not required to pay for the use of the sewer system, but only for the use of a part of it, then a charge for the use of it all cannot be allocated by the court to that part of it on which a charge can be made.

Without carefully examining the evidence, we apprehend that at least in some situations the entire cost of the line was

assessed against property owners ·whose property was thus served and to that extent that the entire service specially benefited them. There could be no benefit at all to property simply because sewer pipes were laid in the street adjoining it, unless they are a part of a line of sewers with a disposal provision of some kind. The disposal provision should enter into consideration in fixing the special benefits. Section 525, Title 37, Code. We therefore presume that it did. But whether that is true or not, and assuming that the property owners all belong to class No. 2, they are entitled to know that the charge for the use of the sewers is made upon the principle fixed by law. That does not appear in the ordinance fixing the ·charge.

■■■ We are of the opinion the law is workable but that the charges for the use of the system against those exempt by the Act of 1951, section 4 (which is section 402[18] of Title 37, Pocket Part, Code) were not collectible; and should be refunded. In the foregoing opinion we noted that the law of 1951, supra, was changed by Act No. 176 of June 30, 1953, which was not here involved. The decree of the trial court was rendered March 18, 1953. That is the decree which was under review. It permanently enjoined the respondents from collecting sewer service charges levied as there set out, but provided that they may be collected and held in trust pending appeal. We affirmed that decree. Under it there should have been collected, as .we hold, charges set up and authorized only under the status of the law as it then stood. That decree was rendered before Act No. 176 of June 30, 1953.

■■■ Our judgment simply affirmed that of the trial court, which enjoined the collection of the sewer charge levied as set out in that decree. That decree referred to the resolution of the board adopted August 15, 1952, on the authority of the Act of 1951, supra, and did not in that respect consider the possibility or effect of another act which might in the future be enacted on which the sewer charge could be based as it was ordained by the board. So that the decree as affirmed only affected a status

existing not later than March 18, 1953. And when the injunction was made permanent, it meant only in so far as the law then stood, and could not and did not purport to enjoin the collection of a sewer charge claimed under subsequent legislation. See Ex parte Myers, 246 Ala. 460, 21 So.2d 113; Darden v. Darden, 246 Ala. 525, 21 So.2d 549.

The question then arises as to the effect of the Act of June 30, 1953, upon the resolution of· the board dated August 15, 1952, fixing a sewer charge.

■■■ The decree to the effect that the service charges levied are illegal was well supported: not that the resolution fixing them was void and of no effect. The resolution at the time it was adopted could not apply, not because it violated any law to ordain such a resolution, but that it could not apply to the facts then existing on account of the terms of the Act of 1951, supra. The resolution was not void but not operative at that time because there was no person who was not exempt from its operation. It provides for a continuing status operative when the law so authorized.

■■■ Valid ordinances have the same force and effect as acts of the legislature, and remain in force until they are repealed. 62 C.J.S., Municipal Corporations, § 181, page 338, § 446(f), page 863. There is no objection that a law shall not operate until a future date. State ex rel. Gaston v. Black, 199 Ala. 321, 74 So. 387(9); 82 C.J.S., Statutes, § 410, page 978.

■■■ The ordinance of August 15, 1952 would have been operative if there had been any person within its terms not exempt by law from its operation. When the law, Act of June 30, 1953, removed the exemption from its operation of the persons exempted by the Act of 1951, supra, the operation of the ordinance at once became· effective as to them without further procedure to make it so.

In many respects this is similar to our case of Hawkins v. Jefferson County, 233 Ala. 49, 169 So. 720, in which we held with reference to an act of the legislature that

it was not void because it could not then apply, but that its operation was merely suspended until such time as the law authorized its application. State Docks Commission v. State ex rel. Jones, 227 Ala. 521, 150 So. 537.

Our judgment affirming the decree of the trial court does not contemplate an injunction of the collection of the sewer charge after the Act of June 30, 1953 became operative.

 Counsel for appellees have filed a petition in this Court for the allowance of an attorneys' fee for defending appellees on this appeal. We find the applicable principle thus stated: "On an appeal, the appellate court may fix an attorney's fee for services rendered, pending the appeal, and may direct the payment thereof out of a fund in the custody and control of the appellate court." 7 C.J.S., Attorney and Client, § 193, page 1098; Swift v. Jackson, 10 Cir., 37 F.2d 237.

The decree of the trial court should be affirmed as modified above, and this Court should grant the application for the allowance of an attorneys' fee to counsel representing appellees on this appeal.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

The decree of the trial court is modified so as not to affect charges collected for sewer service after June 30, 1953, and as modified is affirmed.

In addition to the attorneys' fee allowed counsel for appellees for services rendered by them in the trial court, which is affirmed, an additional allowance is hereby made for them of $1,000 for representing appellees on this appeal and payable out of the funds ordered to be returned to the users of the sewer system by the trial court as here affirmed.

Modified and affirmed.

LIVINGSTON, C. J., and SIMPSON, STAKELY, MERRILL and CLAYTON, JJ., concur.

GOODWYN, J., not sitting.

LAWSON, J., concurs in certain respects as indicated by his memorandum opinion which follows:

LAWSON, Justice (concurring specially).

The case presently before the court does not, in my opinion, properly present for our consideration the validity of the 1953 amendatory act, nor the effect of that act, if valid, upon the ordinance existing at the time the said amendatory act became effective. Hence, I feel constrained to limit my concurrence to the other questions treated.