88 So.2d 778

## In re OPINION OF THE JUSTICES.

### No. 155.

Supreme Court of Alabama.

June 20, 1956.

454

White, Bradley, Arant, All & Rose, Birmingham, filed brief amici curiae.

The Hon. Chief Justice and the Associate Justices

Supreme Court of Alabama
Judicial Building
Montgomery, Alabama

Gentlemen:

Pursuant to the Authority vested in me by Section 34, Title 13, Code of 1940, I respectfully request your opinion in connection with Act 492 of the 1955 Session of the Alabama Legislature on the following questions:

(1) Will the making and collection of assessments by a municipality, in accordance with the provisions of the Act, against property located outside its corporate limits but within its police jurisdiction, constitute the taking of property without due process of law, in violation of Sections 6 and 13 of the Constitution of Alabama,

(a) When such assessments are made with respect to sanitary sewers?

(b) When such assessments are made with respect to storm water sewers?

(c) When such assessments are made with respect to street improvements (not including sidewalks)?

(d) When such assessments are made with respect to sidewalks?

(2) Will the making and collection of any such assessments violate Section 23 of the Constitution of Alabama?

(3) Do the provisions of the Act authorizing a municipality of the requisite size to construct public improvements outside its corporate limits and within its police jurisdiction and to finance such construction by the issuance of its general obligation securities violate Section 94 of the Constitution of Alabama,

(a) When such improvements consist of sanitary sewers?

(b) When such improvements consist of storm water sewers?

(c) When such improvements consist of street improvements (not including sidewalks)?

(d) When such improvements consist of sidewalks?

(4) Do the provisions referred to in the foregoing question (3) authorize the taking without due process of law of the property of taxpayers within the municipality, in violation of Sections 6 and 13 of the Constitution of Alabama?

(5) Do the provisions referred to in the foregoing question (3) authorize the taking of private property for private use or for the use of corporations, other than municipal, in violation of Section 23 of the Constitution of Alabama?

(6) Will bonds issued under the provisions of the Act to procure funds for construction of public improvements outside the corporate limits of a municipality but within its police jurisdiction, the cost of which improvements is to be assessed against the property specially benefited by such improvements, be subject to the election requirements of Section 222 of the Constitution of Alabama?

(7) Will general obligation securities issued under the provisions of the Act to

finance street and sidewalk improvements outside the corporate limits of a municipality but within its police jurisdiction, the cost of which is to be assessed in whole or in part against the property abutting said street and sidewalk improvements, constitute "obligations incurred * * * for street or sidewalk improvements, where the cost of the same, in whole or in part, is to be assessed against the property abutting the said improvements", within the meaning of Section 225 of the Constitution of Alabama?

(8) Do the provisions of the Act authorizing a municipality of the requisite size to issue its bonds payable solely from the proceeds of assessments made under the Act violate Section 94 of the Constitution of Alabama?

(9) Did passage of the Act constitute passage of a local law within the meaning of Sections 104 and 106 of the Constitution of Alabama?

(10) Does Act contain more than one subject in violation of Section 45 of the Constitution of Alabama?

(11) Does the Act extend or confer the provisions of a law by reference to its title only, in violation of Section 45 of the Constitution of Alabama?

Your prompt attention to this request will be most highly appreciated.

Sincerely yours,
/s/ James E. Folsom
<u>Governor.</u>

Honorable James E. Folsom
Governor of Alabama
State Capitol
Montgomery, Alabama

Dear Sir:

We acknowledge receipt of your communication of November 4, 1955, wherein you request our opinion as to certain constitutional questions relative to Act No. 492 of the Regular Session of the Legislature, approved September 9, 1955, Acts 1955, p. 1112.

■ Ordinarily we would not comply with such a request, the Act already having been passed by the Legislature and no action of the Governor being dependent upon our opinion, but we do answer this request because the identical request for an opinion was made of us by the House of Representatives when the identical bill was pending before the Legislature, but we failed at that time to answer the inquiry under a misapprehension that the legislation was no longer before the Legislature and thus the question had become moot.

■ We list the answers to your inquiry in the same order in which they were asked, as follows:

(1)  a.  No.
      b.  No.
      c.  No.
      d.  No.

These answers are based on the holding in Armstrong v. City of Montgomery, 251 Ala. 632, 38 So.2d 862.

■ (2) No. Schultes v. Eberly, 82 Ala. 242, 2 So. 345; Bradley v. State ex rel. Rockwell, 210 Ala. 166, 97 So. 543; Collins v. Hollis, 212 Ala. 294, 102 So. 379; Armstrong v. City of Montgomery, supra.

■ (3)  a.  Our answer is a qualified "No."
      b.  Our answer is a qualified "No."
      c.  Our answer is a qualified "No."
      d.  Our answer is a qualified "No."

The negative part of the answer is based upon the authorities cited after the reply to question (5). We qualify that negative by saying that while the power granted to the municipalities by the act does not in itself violate § 94 of the Constitution, a municipality in exercising that power cannot validly do those things that are within the inhibition contemplated in § 94, and that each case will have to be con-

**456**

sidered on its own facts to determine whether the things the municipality proposes to do in the exercise of the power granted by the act intended primarily to serve a lawful municipal purpose or are intended primarily to lend the municipality's credit or grant something of value in aid of or to an individual, association or corporation.

(4) No.

(5) No.

 The answers to questions 4 and 5 are based upon the reasoning and statements in the following authorities: Armstrong v. City of Montgomery, supra; Fort Payne Co. v. City of Fort Payne, 216 Ala. 679, 114 So. 63; 13 McQuillin Municipal Corporations (3rd Ed.) Sec. 37.11; 15 McQuillin Municipal Corporations (3rd Ed.) Sec. 43.33; People ex rel. Murphy v. Kelly, 76 N.Y. 475; Hagood v. Hutton, 33 Mo. 244; Haeussler v. City of St. Louis, 205 Mo. 656, 103 S.W. 1034.

(6) No. Section 222, Alabama Constitution of 1901; Sanders v. City of Troy, 211 Ala. 331, 100 So. 483.

(7) Yes. Section 225, Alabama Constitution of 1901. City of Birmingham v. Lake, 243 Ala. 367, 10 So.2d 24. For the general rule of statutory and constitutional construction, see State ex rel. Robertson v. McGough, 118 Ala. 159, 24 So. 395; State Docks Commission v. State ex rel. Cummings, 227 Ala. 414, 150 So. 345.

(8) No. See In re Opinion of the Justices, 256 Ala. 162, 53 So.2d 840; Opinion of the Justices, 263 Ala. 174, 81 So.2d 699; Newberry v. City of Andalusia, 257 Ala. 49, 57 So.2d 629.

(9) No. See Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416.

(10) No. Harris v. State ex rel. Williams, 228 Ala. 100, 151 So. 858.

(11) No. See Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
JOHN L. GOODWYN
NORMAN T. SPANN
Associate Justices.