40 So.2d 330

In re OPINION OF THE JUSTICES.
No. 94.

Supreme Court of Alabama.
April 26, 1949.

200

Opinion of the Justices of the Supreme Court in answer to questions propounded by the Governor under Code 1940, Tit. 13, § 34, relating to the validity and construction of an amendment to the Constitution for levy and collection of special district school tax in Etowah County.

To the Honorable Chief Justice
and the Associate Justices of the
Supreme Court of Alabama
Montgomery, Alabama
Gentlemen:

Important constitutional questions have arisen concerning the validity and the interpretation of the constitutional amendment proposed by Act No. 586 adopted at the 1947 Regular Session of the Legislature of Alabama (General Acts of 1947, page 419). For convenience the said amendment is herein referred to as "the amendment".

I think it is appropriate to give you the following facts:

Notice of the election upon the amendment, in which notice the proposed amendment was set out in haec verba, was given by me by proclamation published in a newspaper published in each county of the state once a week for four successive weeks next preceding the day appointed for such election, which was January 6, 1948. The amendment was submitted to the qualified electors of the state on that date, and after canvass of the results of the election the amendment was proclaimed a valid amendment to the constitution by proclamation made by me as Governor on January 15, 1948.

On November 2, 1948, an election was held in each school district in Etowah County on the question of whether the special district tax of 50¢ on each $100 of taxable property provided for in the amendment should be levied and collected for public school purposes in each such district for a period of eighteen years beginning with the tax year commencing October 1, 1948, and ending with the tax year expiring September 30, 1966. A majority of the qualified electors voting upon said tax levy in each school district of Etowah County voted in favor of the levy. On December 28, 1948, the governing body of the county, meeting in regular session, levied in each school district in the county the special tax authorized by the amendment and by the tax elections held in the several districts.

Pursuant to the provisions of Title 13, Section 34, Alabama Code of 1940, I respectfully request your opinion on the following important constitutional questions concerning the validity and the interpretation of the amendment:

1. Is the amendment invalid for the reason that the legislature did not (either in said Act No. 586 or by other means) direct the manner in which notice of the election upon the amendment should be published, pursuant to the provisions of Section 284 of the Constitution, as amended?

2. Is the amendment self-executing to the extent that, after approval of the tax by a majority of the qualified electors in each district voting at an election upon the tax, the governing body of Etowah County has the power to make the levy without enabling legislation?

3. If question 2 is answered in the affirmative, is the power to levy the tax conferred on said governing body by the amendment capable of restriction by existing legislation, either as to the rate of the levy or as to the time for the levy?

Respectfully submitted
James E. Folsom
Governor

Wm. Alfred Rose, Ellene Winn and White, Bradley, Arant & All, all of Birmingham, and Lusk, Swann & Burns and E. K. Hanby, Jr., all of Gadsden, amici curiae.

Honorable James E. Folsom
Governor of Alabama
State Capitol
Montgomery, Alabama
Dear Sir:

We acknowledge receipt of your communication of April 1, 1949, in which you request an opinion of the individual Justices of this court on certain constitutional questions.

We will answer your inquiries in the order in which they are propounded.

### One

Your first inquiry in effect is whether that part of § 284 of the Constitution, as amended, providing for the manner of the publication of the notice of the election on the amendment has been complied with.

The pertinent provision of § 284 is: "* * * Notice of such election, together with the proposed amendments, shall be given by proclamation of the governor, which shall be published in every county in such manner as the legislature shall direct, for at least four successive weeks next preceding the day appointed for such election. * * *"

■ First, in view of some argument in the amici curiae brief, let it be said that we think it too well settled to admit of current controversy that this provision, as is the preceding provision requiring the legislature to appoint the day on which the election on an amendment is to be held, is mandatory, an exclusive and non-delegable function to be exercised by the legislature as an entity and not in its law-making capacity. Johnson v. Craft, 205 Ala. 386, 87 So. 375; Hooper v. State ex rel. Fox, 206 Ala. 371, 89 So. 593.

■ We entertain the opinion, however, that the act proposing the amendment makes sufficient provision for the manner of the publication of the notice of such election to comply with this mandatory provision of the Constitution. § 3 of the act provides that: "* * * The election shall be held in all things in accordance with the law governing general elections. * * *" The law governing the publication of the notice of general elections is contained in § 130, Title 17, Code 1940,

and the manner of giving the notice of such election is "by publication in some newspaper in the county, if any is published therein, and if not, by writings posted at the courthouse door and at three other public places in the county, of the time of holding * * * such election. * * *" This provision of § 130 is therefore incorporated by reference in Act No. 586 and is sufficient designation by the legislature of the manner of the publication of the notice of such election.

The other provisions of § 130 are obviously not so incorporated, since the time for the publication, the contents of the notice, and the officer to give it are specifically provided for in § 284 of the Constitution, as amended.

■ This court has uniformly held that though the complete execution of the act may not be particularized therein and an existing system for the regulation thereof is incorporated in the act by reference, this does not offend the Constitution. The new statute may specify the procedure to be followed by adopting by reference regulations of an existing statute. Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487, 495(24); Hutto v. Walker County, 185 Ala. 505, 64 So. 313, Ann.Cas. 1916B, 372. And we are apprised of no reason for a different application of the principle to an act (or resolution) proposing an amendment to the Constitution.

It must be presumed that the legislature intended to do its duty to comply with the considered provision of said § 284 of the Constitutional and we think it has by the above-quoted provision of § 3 of the act.

No, then, is the answer to your first question.

### Two

■ Your second inquiry is due an affirmative answer. You want to know whether the amendment is self-executing to the extent that after approval of the tax by a majority of the qualified electors of each district voting in an election upon the tax, the governing body of Etowah County has the power to make the levy without enabling legislation.

It must be admitted that this legislation is no model of draftsmanship, but we think

we can, as is our duty, rationalize soundly to sustain its workability.

The amendment is designed to permit the levy of an additional special school tax and, while the amendment does not itself embody a complete system 'for its execution, it does provide that the election on the question of the levy of the tax "shall be held in the same manner as now provided for an election on the school district tax authorized in art. XIX of the Constitution of Alabama." Thus, does the amendment adopt by reference the existing statutes providing for elections under art. XIX (Constitution, third amendment), and renders the constitutional authorization self-executing.

 Enabling legislation is not always necessary for the proper execution of a constitutional provision, depending on whether from a consideration of the language used and the intrinsic nature of the provision itself it was intended as a present enactment complete in itself as settled legislation, or whether subsequent action by the legislature was contemplated to carry it into effect, and if the former it is regarded as self-executing. The necessity for enabling legislation is to be determined from a construction of the provision and, to be necesssary, there must be some indication that something is left for the legislature to do or by its very nature the provision renders such future legislation necessary. Taylor v. Hutchinson, 145 Ala. 202, 40 So. 108; Miller v. Marx, 55 Ala. 322; see also Francis v. Peevey, 132 Ala. 58, 31 So. 372; Finklea v. Farish, 160 Ala. 230, 49 So. 366; Frost v. State ex rel. Clements, 153 Ala. 654, 45 So. 203; Gay v. State, 228 Ala. 253, 153 So. 767. For authorities in other jurisdictions, see Protest of Chicago, R. I. & P. Ry. Co., 160 Okl. 226, 16 P.2d 855; Williams v. City of Norman, 85 Okl. 230, 205 P. 144; Matheny v. Independence County, 169 Ark. 925, 277 S. W. 22; State ex rel. and to Use of Kersey v. Pemiscot Land & Cooperage Co., 317 Mo. 41, 295 S.W. 78; City of Shidler v. H. C. Speer & Sons Co. et al., 10 Cir., 62 F.2d 544.

In the light of these authorities the opinion has been attained that the provisions of the amendment authorizing the tax levy are in the form of a law declarative of the will of the sovereignty and in no sense contains any command or direction to the legislature for future action and is therefore self-executing.

### Three

 Your third question is answered in the negative. The power conferred by the amendment to levy the tax is not restricted by any existing legislation as to rate or time of levy. True, existing statutes governing the levy of district school taxes (Code 1940, Title 52, § 269) and as regards time of levy of special taxes (Title 51, § 71) are at variance with these provisions of the amendment, but no legislation may restrict or alter a self-executing constitutional provision. Ex parte Western Union Telegraph Co., 200 Ala. 496, 76 So. 438; Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510; Anniston City Land Co. v. State, 160 Ala. 253, 48 So. 659; see also Williams v. City of Norman, 85 Okl. 230, 205 P. 144.

Respectfully submitted,
JOEL B. BROWN
ARTHUR B. FOSTER
J. ED LIVINGSTON
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
Associate Justices.