111 So.2d 605

**OPINION OF THE JUSTICES.**

No. 164.

Supreme Court of Alabama.

April 30, 1959.

April 28, 1959

The Hon. Chief Justice and Associate Justices of the Supreme Court of Alabama Montgomery, Alabama

Gentlemen:

Important constitutional questions have arisen in connection with the interpretation of the constitutional amendment (herein called the "Amendment") proposed by Act No. 519 of the 1957 Regular Session of the Legislature of Alabama, passed by the House of Representatives August 16, 1957, and by the Senate September 6, 1957 (Acts of Alabama, Regular Session, 1957, page 713), submitted to the qualified electors of the State at a special election held on December 17, 1957, and proclaimed ratified December 27, 1957 (Proclamation Record, Volume L, page 70). The Amendment authorizes special school district taxes in Cleburne County. For your advisory opinion to Hon. James E. Folsom, Governor, on a question relating to a substantially similarly worded constitutional amendment applicable to Etowah County, see In re Opinion of the Justices, 252 Ala. 199, 40 So.(2d) 330 (1949).

Following the proclamation of the ratification of the Amendment, special elections were held on July 8, 1958, in School Tax Districts Nos. 1 and 2 in Cleburne County at which elections a majority of the qualified electors voting in each district voted in favor of the levy in such district of the tax authorized by the Amendment each year beginning October 1, 1958, and ending with the levy for the tax year ending September 30, 1980. School Tax Districts Nos. 1 and 2 are already established in Cleburne County. School Tax Districts Nos. 1 and 2 together comprise all of Cleburne County. The elections were called to be held July 8, 1958, in School Tax Districts Nos. 1 and 2 by a single resolution of the Court of County Commissioners of

Cleburne County, adopted May 12, 1958. The original minutes of the session of the Court of County Commissioners of May 12, 1958, failed to recite the presentation of a request by the County Board of Education for the call of such elections. However, such a request was in fact presented at the session of the Court of County Commissioners held May 12, 1958, and the minutes of the Court of County Commissioners have been amended and corrected since the date of the election to show the actual presentation of a request. In the original minutes of the May 12, 1958, session of the Court of County Commissioners, the resolution referred to is stated to be a resolution to call an election on "a tax of 5 mill to be used for school purposes," without reference to the fact that the tax was to be levied in two separate school districts. In fact, separate elections were called and held in School Districts Nos. 1 and 2. Since the date of the elections, the minutes of the Court of County Commissioners have been amended and corrected to show the adoption of a resolution calling special elections in School Tax District No. 1 and in School Tax District No. 2 for the purpose of submitting the question of whether or not each District should levy a special district tax, not exceeding 50 cents on each $100 of assessed valuation of taxable property in each school tax district, to be used solely for public school purposes within such district.

The three mill county-wide school tax has been voted for a continuous period ending September 30, 1980, but neither the proceedings nor the order of the Court of County Commissioners calling the election recite that such was the case.

Notice of such election was published three times in three separate weeks in "The Cleburne News," a newspaper of general circulation in the County and in each school tax district therein, in the issues of June 5, 19 and 26, 1958, the first publication being more than 30 days before the date of the elections. Notices of the respective elections were posted at three public places

in School Tax District No. 1, and at three public places in School Tax District No. 2 for thirty days prior to the elections. A copy of the notice so published and so posted is attached for the information of the Justices.

A true and correct copy of the original minutes of the proceedings of the Court of County Commissioners of May 12, 1958, and also of the amended or corrected minutes and each of the ballots used at the elections is also attached for the information of the Justices.

The Judge of Probate, the Sheriff and the Circuit Clerk, as a board of supervisors, canvassed the returns and declared the results of each of the elections and the Court of County Commissioners has also declared the results and levied and ordered collected the taxes so voted beginning with the levy for the tax year beginning October 1, 1958. The election resulted in 435 votes in favor of the tax to 104 votes against it in School Tax District No. 1, and 344 votes in favor of the tax to 55 votes against it in School Tax District No. 2.

The Legislature passed and on February 24, 1959, I approved Act No. 72, entitled, "An Act to validate certain elections held since June 4, 1951, under Constitutional Amendment III or Constitutional Amendment CXXIII or the provisions of article six or seven of chapter ten, title fifty-two, Code of Alabama, 1940, or under any other law, for the purpose of authorizing a special tax for school purposes."

Pursuant to the provisions of Title 13, Section 34, Alabama Code of 1940, I respectfully request your opinion on the following important constitutional questions:

1. Does the Amendment require the presentation of a formal written request for an election by the County Board of Education to the Court of County Commissioners as provided in Title 52, Sections 254 and 258, Alabama Code of 1940? If so, must the written request of the County Board of Education be made a part of the minutes or proceedings of the Court of County Commissioners, as a jurisdictional requirement for the calling of the election, before the election is held, or will it suffice that a request was in fact presented and that the minutes have been corrected, though after the election was held?

2. Under the Amendment, was a resolution of the Court of County Commissioners in general terms calling one County 5 mill school tax election sufficient to provide for the calling of two district school tax elections under the Amendment? If not, did the correction of the minutes to show the adoption of a resolution calling the two separate elections in each of the two school tax districts after the election was held suffice, the election having in fact been held as two separate district elections?

3. Does the Amendment, when considered with Title 52, Section 256, and Title 7, Section 716, Alabama Code of 1940, require that notice of an election be published for four consecutive weeks, the first publication being more than 30 days before the date of such election, or will it suffice that one publication was made more than 30 days before the date of each such election or that notice was posted for 30 days prior to the elections?

4. Where the election is to be held in a school tax district already designated and established for purposes of levying and collecting taxes under Article XIX, Section 2 (Amendment 3) to the Constitution, does the Amendment require that the notice of election provided for in Title 52, Section 256, Alabama Code of 1940, contain a description of the boundaries of the school tax district?

5. Does the Amendment incorporate the provisions of Title 52, Section 255, Alabama Code of 1940, and Article XIX, Section 2, (Amendment 3) to the Constitution, which forbid the holding of a school tax district election unless the County in which such district is located shall be levying and collecting special county taxes

for school purposes of not less than thirty cents on each one hundred dollars worth of taxable property in such county, or may an election authorizing the special district tax authorized by the Amendment be held and the tax levied irrespective of such provisions? If your answer is the former, must the order of the Court of County Commissioners calling the elections recite the levy and collection of such county three-mill school tax as a jurisdictional prerequisite to calling the district election?

6. In the event that any of your answers to the foregoing questions are against the validity of the elections under the Amendment, were the defects causing such invalidity cured and the elections validated by Act No. 72, General Laws of Alabama, approved February 24, 1959?

Respectfully yours,

John Patterson
Governor

Honorable John Patterson
Governor of Alabama
State Capitol
Montgomery, Alabama

Dear Sir:

We acknowledge receipt of your communication of April 28, 1959, in which you request an opinion of the individual Justices of this Court on certain constitutional questions.

■ Our chief difficulty is whether questions relating to a school tax in a single county "involve or concern concrete, important constitutional questions upon matters or subjects of a general public nature," In re Opinions of the Justices, 209 Ala. 593, 96 So. 487, 489, as to require an advisory opinion under Tit. 13, § 34, Code 1940. We did answer such a question in Re Opinion of the Justices, 252 Ala. 199, 40 So.2d 330, relating to a district school tax in Etowah County. Since the bench and bar have been justified

in believing that we would continue to answer questions involving local school tax questions, we have concluded that we should indicate by this opinion that such questions should not be answered in the future. We do, however, dispose of the matters involved in your letter, first, because there is precedent for it, and second, because the answer to only one question resolves the difficulty. But we do feel that no more advisory opinions should be issued by the members of this Court when the only questions, constitutional or otherwise, involve purely local matters.

■ We find that it is not necessary to answer the first five questions in detail. We have held that a constitutional amendment with similar wording to Amendment CXXIII, which relates to Cleburne County, is self-executing, In re Opinion of the Justices, 252 Ala. 199, 40 So.2d 330, and that no additional authority or future action is required from the Legislature to authorize the levy of the tax.

■ Amendment CXXIII requires that "the time during which such tax is to continue and the purpose thereof shall have been first submitted to a vote of the qualified electors in each such district and voted for by a majority of those voting at such election, the election to be held in the same manner as now provided by law for an election on the school district tax authorized in Article XIX of the Constitution of Alabama." While this Article, also known as Amendment III, authorizes the levy, the machinery for putting it into effect is provided by the Legislature. Runyan v. Thompson, 232 Ala. 390, 168 So. 423.

Conceding, without deciding, that certain irregularities were present in the submission of the question to a vote of the electorate in Districts 1 and 2 in Cleburne County, these irregularities have been cured by Act No. 72, Special Session 1959, approved February 24, 1959,

which specifically mentions any elections held under Amendment CXXIII, the title reading—"To validate certain elections held since June 4, 1951, under Constitutional Amendment III or Constitutional Amendment CXXIII or the provisions of article six or seven of chapter ten, title fifty-two, Code of Alabama 1940, or under any other law, for the purpose of authorizing a special tax for school purposes." This Court has held that irregularities or defects in school tax elections, where a majority of the voters favored the tax, may be cured by subsequent validating statutes passed by the Legislature. Cases so holding are Johnson v. Rice, 227 Ala. 119, 148 So. 802(1); Harmon v. County Board of Education, 230 Ala. 260, 160 So. 687(4); Southern Ry. Co. v. Webb, 232 Ala. 324, 167 So. 729(4); Runyan v. Thompson, 232 Ala. 390, 168 So. 423(1); Harris v. Cope, 236 Ala. 415, 183 So. 407 (4); Smith v. Board of Education of Cullman County, 236 Ala. 649, 184 So. 475(7); Brittain v. Benefield, 263 Ala. 171, 81 So. 667(2).

Under the facts presented in your communication and the exhibits thereto, we are of the opinion that the irregularities mentioned were cured by Act No. 72, approved February 24, 1959.

We note in passing that the principle of Wall-Hay-Wall Lumber Co. v. Mathews, 211 Ala. 426, 100 So. 824, has no application here. That case involved a district school tax under Amendment III which has the express provision that "no district tax shall be voted or collected except in such counties as are levying and collecting not less than a three-mill special county school tax." This provision was not in Amendment CXXIII, here under consideration, nor in Amendment LXVII, considered in Re Opinion of the Justices, 252 Ala. 199, 40 So.2d 330, 333, where we held, inter alia, that existing statutes governing the levy of district school taxes are at variance with those provisions of Amendment LXVII,

"but no legislation may restrict or alter a self-executing constitutional provision."

It follows that the answer sought by question 6 should be in the affirmative.

Respectfully submitted,

J. ED LIVINGSTON

Chief Justice
ROBERT TENNENT SIMPSON
DAVIS F. STAKELY
JOHN L. GOODWYN
PELHAM J. MERRILL
JAMES S. COLEMAN, Jr.

Justices.