251 So.2d 755

## OPINION OF THE JUSTICES.
### No. 206.

Supreme Court of Alabama.
Aug. 17, 1971.

Two questions were propounded by the House of Representatives to the Justices of the Supreme Court. The first sought an opinion as to whether or not H.B. 1077 conflicted in any way with the Seventy-third Amendment to the Constitution of Alabama of 1901. The second was whether or not that Bill conflicted with the provision in said Amendment which granted the county governing body of Jefferson County the sole authority to fix sewer service charges in Jefferson County. The Court held that H.B. 1077 as originally drafted did not offend the Amendment but that two proposed amendments to the bill which were enclosed with the questions propounded, did run counter to the Amendment and were unconstitutional.

Questions answered.

To the Members of the House of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs and Madam:

By letter of August 5, 1971, Hon. John W. Pemberton, Clerk, Alabama House of Representatives, forwarded to the members of the Supreme Court of Alabama House Resolution No. 135, which reads:

"RESOLVED BY THE HOUSE OF REPRESENTATIVES, That the Justices of the Supreme Court, or a majority of them, are respectfully requested to give this body their written opinion concerning the following important constitutional questions which have arisen in connection with H. B. 1077 which is pending before the Legislature. A true copy of said bill is attached hereto and made a part of this resolution by reference.

"Question 1. Do the provisions of H. B. 1077 in any way conflict with the provisions of Amendment No. 73 to the Constitution of Alabama of 1901?

"Question 2. Does H. B. 1077 conflict with the provisions of Amendment No. 73 of the Constitution of Alabama of 1901 which grants the county governing body of Jefferson County sole authority

to fix sewer service charges in Jefferson County?

"RESOLVED FURTHER, That the Clerk of the House is directed to attach true copies of H. B. 1077 to this resolution and transmit forthwith to the Clerk of the Supreme Court nine copies of this resolution and said bill."

It is our opinion House Bill 1077 as originally drafted does not violate the provisions of Amendment LXXIII to the Constitution of Alabama in that said bill does not actually restrict or alter the provisions of Amendment LXXIII, which amendment by its terms is self-executing.

Among the papers which were forwarded to us by Mr. Pemberton to which no reference is made in House Resolution No. 135 are two proposed amendments to said House Bill and we entertain the view that it is those proposed amendments which have actually precipitated the action of the House of Representatives in requesting our opinion concerning House Bill 1077.

House Bill 1077 is entitled an Act "To Amend Section 5 of Act No. 619 of the Regular Session of Alabama of 1949, approved September 19, 1949, which act supplemented the Jefferson County Sewer Amendment (Amendment LXXIII) to the Constitution of Alabama."

Section 5 of the 1949 act referred to in the title of House Bill 1077 (Act 619, approved September 19, 1949, Acts of Alabama 1949, p. 954), reads as follows:

"Section 5. Such service charges, being in the nature of use or service charges shall, as nearly as may be practicable and equitable, be uniform throughout the county for the same type, class and amount of use or service of the sewerage system, and may be based or computed either on the consumption of water on or in connection with the real property served, making due allowance for commercial use of water or for water not entering the sewerage system, or on the number and kind of water outlets on or in connection with such real property, or on the number and kind of plumbing or sewerage fixtures or facilities on or in connection with such real property, or on the number of persons residing or working on or otherwise connected or identified with such real property, or on the capacity of the improvements on or connected with such real property, or on any other factors determining the type, class and amount of use or service of the sewerage system, or on any combination of any such factors, and may give weight to the characteristics of the sewerage and other wastes and any other special matter affecting the cost of treatment and disposal thereof, including chlorine demand, biochemical oxygen demand, concentration of solids and chemical composition. Where the service charge is based upon the consumption of water alone, such service charge shall not exceed an amount equal to fifty per centum (50%) of the water bill rendered with respect to the property involved."

Section 3 of House Bill 1077 reads:

"Section 3. Section 5 of Act 619 is hereby amended so as to read as follows:

"'Section 5. Such service charges, being in the nature of use or service charges, shall, as nearly as may be practicable and equitable, be uniform throughout the county for the same type, class and amount of use or service of the sewerage system, and may be based or computed either on the consumption of water on or in connection with the real property served, making due allowance for commercial use of water or for water not entering the sewerage system, or on the number and kind of water outlets on or in connection with such real property, or on the number and kind of plumbing or sewerage fixtures or facilities on or in connection with such real property, or on the number of persons residing or working on or otherwise connected or identified with such real prop-

erty, or on the capacity of the improvements on or connected with such real property, or on any other factors determining the type, class and amount of use or service of the sewerage system, or on any combination of any such factors, and may give weight to the characteristics of the sewerage and other wastes and any other special matter affecting the cost of treatment and disposal thereof, including chlorine demand, biochemical oxygen demand, concentration of solids and chemical composition.' "

By comparing Section 5 of the above referred to 1949 Act with Section 3 of House Bill 1077, it is apparent that the purpose of House Bill 1077 is to delete from the above referred to 1949 Act the following provision: "Where the service charge is based upon the consumption of water alone, such service charge shall not exceed an amount equal to fifty per centum (50%) of the water bill rendered with respect to the property involved."

The two amendments to which we have referred above read as follows:

"Amend Section 3 of H. B. 1077 by inserting the following sentence at the end of said Section 3:

" 'The service charges provided for hereunder for sanitary sewerage discharges shall in no event be in excess of that portion of the actual water bill rendered with respect to the property involved represented by that percentage of the quantity of water purchased which is discharged into the sewer system.' "

*   *   *   *   *   *

"Amend Section 3 of H. B. 1077 by inserting at the end of amended Section 3 the following new sentence:

" 'The maximum service charge applicable to any residential user shall be fifteen ($15.00) dollars per quarter, or sixty ($60.00) dollars per year.' "

Amendment LXXIII to the Constitution of Alabama, which was proclaimed ratified on November 15, 1948, reads in pertinent parts as follows:

"In addition to any indebtedness now authorized, Jefferson county may become indebted and may issue bonds therefor in an amount not exceeding 3 percent of the assessed valuation of the taxable property in said county in order to pay the expenses of constructing, improving, extending and repairing sewers and sewerage treatment and disposal plants in said county. Said bonds shall be general obligations of Jefferson county but shall also be payable primarily from and secured by a lien upon the sewer rentals or service charges, which shall be levied and collected in an amount sufficient to pay the principal of and interest on such bonds, replacements, extensions and improvements to, and the cost of operation and maintenance of, the sewers and sewerage treatment and disposal plants Such sewer rentals or service charges shall be levied upon and collected from the persons and property whose sewerage is disposed of or treated by the sewers or the sewerage treatment or disposal plants and whether served by the part of the sewer system then being constructed, improved, or extended or by some other part of such system; and such charges or rentals shall be a personal obligation of the occupant of the property the sewerage from which is disposed of by such sewers or treated in such plants and shall also be a lien upon such property, enforceable by a sale thereof.

*   *   *   *   *   *

"The governing body of Jefferson county shall have full power and authority to manage, operate, control and administer the sewers and plants herein provided for and, to that end, may make any reasonable and nondiscriminatory rules and regulations fixing rates and charges, providing for the payment, collection and enforcement thereof, and the protection of its property. Liens for sewer rentals or service charges shall be foreclosed in such manner as may

be provided by law for foreclosing municipal assessments for public improvements. *This amendment is self-executing.*

"The authority to issue bonds shall cease December 31, 1958. The authority to levy and collect sewer charges and rentals shall be limited to such charges as will pay the principal of and interest on the bonds and the reasonable expense of extending, improving, operating and maintaining said sewers and plants; and when the bonds shall have been paid off, service charges and rentals shall be accordingly reduced, it being the intent and purpose of this amendment that the expenses of needed improvements and extensions and maintenance and operation of the sewers and sewerage treatment and disposal plants and no other expenditures shall be paid from such service charges and rentals." (Emphasis supplied)

We assume that the contention has been made that the people of the State of Alabama in ratifying Amendment LXXIII to the Constitution of Alabama gave to the governing body of Jefferson County alone the power and authority to adopt reasonable and nondiscriminatory rules and regulations fixing rates and charges for the use of the sewerage system and that the Legislature cannot dictate to the county governing body in regard to the amount of such rates and charges.

■ Amendment LXXIII by its own terms is self-executing. We have said that "no legislation may restrict or alter a self-executing constitutional provision." —In re Opinion of the Justices, 252 Ala. 199, 40 So.2d 330, and authorities cited; Opinion of the Justices, 269 Ala. 127, 111 So.2d 605.

■ The proposed amendments to House Bill 1077 are both designed to restrict the governing body of Jefferson County as to the rates and charges which it may exact for the use of the sewerage system. We

hold, therefore, that those amendments run counter to Amendment LXXIII to the Constitution of Alabama and, therefore, are unconstitutional.

But since the questions which you propound relate only to House Bill 1077 without the amendments, we answer those questions in the negative, that is, we do not think House Bill 1077 as originally drafted conflicts with the provisions of Amendment LXXIII to the Constitution of Alabama in that said House Bill does not restrict the authority of the governing body of Jefferson County. It only suggests to that body methods of computing the amount of service charges.

■ We do not customarily reply to requests for advisory opinions concerning the constitutionality of proposed legislation which involves purely local matters.—Opinion of the Justices, 269 Ala. 127, 111 So.2d 605; Opinion of the Justices, 284 Ala. 484, 226 So.2d 87.

■ But in this instance we are dealing with the question as to whether or not a local act, House Bill 1077, violates an amendment to the Constitution which applies only to the county which will be affected by the proposed legislation. We feel that this difference is sufficient to justify our answering your request.

Respectfully submitted,

HOWELL T. HEFLIN
  Chief Justice

THOMAS S. LAWSON

PELHAM J. MERRILL

JAMES S. COLEMAN, Jr.

ROBERT B. HARWOOD

JAMES N. BLOODWORTH

HUGH MADDOX

DANIEL T. McCALL, Jr.
  Justices.