The Senate of the Legislature of Alabama in its 1977 Regular Session adopted the following Resolution:
SR 257 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO THE TERMINATION OR CONTINUANCE OF AGENCIES NOT SPECIFICALLY LISTED IN SECTION 3 OF ACT NO 512, REGULAR SESSION 1976.
WHEREAS, Resolutions from the Sunset Committee will be presented to the Legislature on the 10th Legislative day; and
WHEREAS, over 200 resolutions have been filed in the House and Senate; and
WHEREAS, Act No. 512, Regular Session, 1976, provides for definite “termination dates” for all state agencies as defined in said Act; and
WHEREAS, October 1, 1978, is the date designated for “any state agency existing on the date of the passage of this Act (512) and not specifically listed . . and
WHEREAS, a controversy has arisen as to whether agencies can be considered during the current session that are not specifically listed under section 3 of Act 512.
NOW THEREFORE BE IT RESOLVED BY THE SENATE OF ALABAMA, That the following question be submitted under Title 13, Section 34, Code of Alabama to the Supreme Court of Alabama for an advisory opinion:
1. “Can an agency not specifically listed under Section 3 of said Act 512 for termination or continuance on October 1, 1977, be considered and voted on during the 1977 Regular Session of the Legislature?”
2. “What is the ‘termination date’ for agencies not specifically listed by name in said Act 512?”
RESOLVED FURTHER, That the Secretary of the Senate transmit forthwith upon the passage of this resolution nine copies along with nine copies of Act No. 512 to the Supreme Court.
ANSWER TO QUESTIONS DECLINED.
To the Members of the Senate
State Capital
Montgomery, Alabama 36130
Gentlemen:
We acknowledge receipt of Senate Resolution No. 257 by Senator Perloff concerning Act No. 512, Regular Session 1976, the Sunset Act, relative to whether state agencies which are not specifically listed under Section 3 of Act No. 512, may be considered for termination or continuance during the regular session of the Legislature 1977, under the provisions of that Act.
After perusing this request, we are constrained to respectfully point out that this Court is restricted by statute to answering *917 questions of an advisory nature solely upon important constitutional questions. Title 13, § 34, Alabama Code; Opinion of the Justices, 286 Ala. 156, 238 So.2d 326 (1970); Opinion of the Justices, 280 Ala. 692, 198 So.2d 269 (1967). Accordingly, we regret that we must decline to respond to the question submitted to us as we perceive no constitutional issue therein.
Moreover, we respectfully point out that the section of the Alabama Code authorizing us to issue advisory opinions does not authorize opinions on legislation already having been enacted by the legislature. Opinion of the Justices, 264 Ala. 452, 88 So.2d 778 (1956).
Therefore, we respectfully decline to respond to the advisory opinion request.
Respectfully submitted,
C. C. TORBERT, Chief Justice JAMES N. BLOODWORTH
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
ERIC EMBRY
SAM A. BEATTY
Justices