Members of the House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
We acknowledge receipt of House Resolution No. 476 requesting an advisory opinion on the constitutionality of Senate Bill No. 451. Resolution No. 476 reads:
“RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama, are respectfully requested to give this body their written opinions concerning the following important constitutional questions which have arisen in reference to the pending bill, S.B. 451, a true copy of which is attached hereto and incorporated herein by reference:
“1. Do the provisions of S.B. 451 now pending before the Legislature of Alabama in any way conflict with Article IV, Section 104, of the Constitution of the State of Alabama, 1901?”
*833 The copy of S.B. 451 forwarded with the resolution reads:
“A BILL TO BE ENTITLED
AN ACT
“Relating to Jefferson County; to amend Act No. 79-454 of the Regular Session of the Legislature of Alabama 1979 and the title thereof; to authorize the Chief and Associate Coroner-Medical Examiners to remove corneal tissues for transplantation or other purposes from dead bodies examined by the Coroner-Medical Examiner’s Office; to adopt rules and regulations governing the removal of corneal tissues for transplantation or other purposes from dead bodies examined by the Coroner-Medical Examiner’s Office; and providing for the effective date of the Act.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. As used herein, the term ‘Act 79-454’ means Act No. 79-454 of the Regular Session of the Legislature of Alabama of 1979, approved July 26, 1979 (Ala. Acts, 1979, p. 739 et seq.).
“Section 2. The title of Act 79 — 454 is hereby amended so as to read as follows:
“ ‘An Act Relating to Jefferson County, to abolish the office of County Coroner and to provide that all duties, rights and powers authorized or performed by said officer shall be exercised and performed by the Jefferson County Coroner-Medical Examiners’ office; to provide for the powers, rights, duties, compensation and composition of such office; to provide for the Jefferson County Coroner-Medical Examiners’ Commission; to provide for the powers, rights, duties, composition and terms of office of the members of such commission; and to relieve the members of such commission and other persons from civil and criminal liability; to authorize the Chief and Associate Coroner-Medical Examiners under rules and regulations of the Coroner-Medical Examiners’ Commission to remove corneal tissues for transplantation or other purposes from dead bodies examined by the Coroner-Medical Examiners’ office.’
“Section 3. The following is added as Section 11A:
“ ‘Section 11A. Pursuant to rules and regulations promulgated by the Coroner-Medical Examiners’ Commission the Chief and Associates Coroner-Medical Examiners are authorized to remove corneal tissues for transplantation or other purposes from dead bodies examined by the Coroner-Medical Examiners’ Office. Nothing in this bill is to be interpreted or construed in such manner as to allow the Coroner Medical Examiner or his associates to remove corneal tissues for transplantation without the written consent of the next of kin.’
“Section 4. This act shall become effective upon its approval by the Governor or upon its otherwise becoming a law.”
S.B. 451 is a proposed amendment to Act No. 79-454. This Act abolished the position of Coroner in Jefferson County and established a Coroner-Medical Examiners’ Commission to be appointed as prescribed therein and further provided for certain powers of the Commission which are not relevant to your present inquiry.
S.B. 451 is therefore clearly a proposed amendment to a local act. The Justices have consistently declined to give advisory opinions on legislation that has already been enacted by the Legislature. Opinion of the Justices, 384 So.2d 1054 (Ala. 1980); Opinion of the Justices, 342 So.2d 916 (Ala.1977); Opinion of the Justices, 269 Ala. 658, 115 So.2d 524 (1959); Opinion of the Justices, 267 Ala. 110, 100 So.2d 565 (1958). Nothing in S.B. 451 would affect the constitutionality of Act No. 79-454 under § 104, Constitution of Alabama of 1901. This being the case, the question posed in actuality is a request for us to give an advisory opinion on legislation which has already become law.
There is an additional reason why we must respectfully decline to answer the question. As early as 1959 the Justices have declined to render advisory opinions *834 on purely local matters unless it was necessary to decide such matters in developing the rationale to answer other questions of an important constitutional nature which involved general laws. Opinion of the Justices, 269 Ala. 127, 111 So.2d 605 (1959).
For the foregoing reasons, we respectfully decline to answer the advisory opinion request.
Respectfully submitted,
C.C. TORBERT, JR.,
Chief Justice JAMES H. FAULKNER RENEAU P. ALMON JANIE L. SHORES T. ERIC EMBRY OSCAR W. ADAMS, JR.
Associate Justices.