To the Honorable Speaker and Members of
The House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
We are in receipt of House Resolution 308, which reads:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we do respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions of the following important constitutional questions relative to pending House Bill 860, which bill provides for unifying and consolidating the offices of tax assessor and tax collector in Baldwin County and the referendum election pursuant to Amendment 412 [sic: 411] to the Constitution, 1901. Said bill is properly before the legislature with notice and proof. Copies of said bill are attached hereto and made a part hereof by reference.
“1. Under Sections 2 and 13 of pending H.B. 860, is the county governing body mandated to call and hold a special referendum on the question of consolidating and unifying the offices of tax collector and tax assessor in Baldwin County absent any other countywide *240 election m Baldwin County prior to July 1, 1984?
“(a) If the county governing body is not so mandated under the provisions of Sections 2 and 13 of said pending bill, would an amendment, to further clarify legislative intent that a special referendum election is mandated to be held prior to July 1, 1984, on said question, supra, if there is no county wide election in Baldwin County from the effective date of this act to July 1, 1984, to provide such special election in the event there is no election held prior to July 1, 1984, violate Section 61 to [sic] the Constitution of 1901?”
Sections 2 and 13 of H.B. 860 read in pertinent part as follows:
“Section 2. The county governing body shall call a referendum on the question of combining the offices of tax assessor and tax collector into a new office of county revenue commissioner and abolishing the said offices of tax assessor and tax collector as provided by Section 13. Said referendum shall be held no later than any county-wide election in Baldwin County prior to July, 1984.
[[Image here]]
“Section 13. This act shall be inoperative and void unless it shall have been approved by a majority of the qualified electors of Baldwin County who vote thereon at a referendum election held for such purpose. Said election shall be held and conducted as nearly as may be in the same way as elections on amendments to the Constitution and elections for other county officers and shall be held on the same day as any countywide election held in Baldwin County, prior to July 1, 1984, next following final passage of this act.”
The code section which allows the governor or the legislature to obtain advisory opinions from the Justices of this Court specifies that the opinions must be “on important constitutional questions.” Code 1975, § 12-2-10. Because of this restriction, the Justices normally decline to answer questions which do not relate to the constitutionality of pending legislation. Opinion of the Justices, 384 So.2d 1056 (Ala.1980); Opinion of the Justices, 342 So.2d 916 (Ala.1977). The first question relates not to the constitutionality of the bill but to matters of statutory construction, which “cannot be considered by this court on request for an advisory opinion.” Opinion of the Justices, 291 Ala. 581, 585, 285 So.2d 87 (1973) (citations omitted).
“Important constitutional questions” must relate to matters of a general public nature and not to strictly local bills. Opinion of the Justices, 281 Ala. 231, 201 So.2d 103 (1967); Opinion of the Justices, 269 Ala. 127, 111 So.2d 605 (1959). The second question is also an improper subject for an advisory opinion because it is a hypothetical question, assuming both a negative answer to the first question and the introduction of an amendment to the bill. Opinion of the Justices, 267 Ala. 110, 100 So.2d 565 (1958); Opinion of the Justices, 384 So.2d 1054 (Ala.1980).
For the foregoing reasons, we respectfully decline to answer the questions propounded to us by House Resolution 308. Respectfully submitted,
C.C. Torbert, Jr. Chief Justice
Hugh Maddox
Richard L. Jones
Reneau P. Almon
Janie L. Shores
Sam A. Beatty
Oscar W. Adams, Jr. Justices ■