Members of the Senate
Alabama State House
Montgomery, Alabama 36130
Dear Senators:
We acknowledge receipt of Senate Resolution 94, requesting an advisory opinion as to whether House Bill 461 (“H. 461”) violates Article IV, § 45, of the Constitution of Alabama of 1901, providing that a law may contain only one subject. H. 461 reads:
“A BILL
“TO BE ENTITLED
“AN ACT
“Relating to Jefferson County; authorizing the Pension Board of the General Retirement System for Employees of Jefferson County to establish rules and regulations to authorize former members of the Pension System who withdrew from the Pension System under the authority provided by subsection (e) of Section 13 of Act No. 497, H. 1057, 1965 Regular Session (Acts 1965, p. 717), as amended by Act No. 81-1060,-H. 9,1981 Second Special Session (Act 1981, p. 305), a one-time opportunity to rejoin the Pension System as a new member and without credit for any previous paid time or previous unpaid time in the Pension System; repealing Act No. 93-927, H. 52, First Special Session (Acts 1993, p. -).
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. The Pension Board of the General Retirement System for Employees of Jefferson County is authorized to promulgate all necessary rules and regulations to authorize former members of the Pension System who withdrew from the Pension System under the authority provided by subsection (e) of Section 13 of Act No. 497, H. 1057, 1965 Regular Session (Acts 1965, p. 717), as amended by Act No. 81-1060, H. 9, Second Special Session (Acts 1981, p. 305) an opportunity to elect to rejoin the Pension System.
“Section 2. The rules and regulations shall include the following requirements:
“(1) The election shall be offered one time and shall apply equally to all former members.
“(2) Elections shall be exercised in the manner and within the time period established by the Pension Board.
“(3) Election of the membership shall be as a new member of the Pension System and without any credit for previous paid time or previous unpaid time in the Pension System.
“Section 3. It is the intent of this act that former members of the Pension System who withdrew from the pension system pursuant to the authority of subsection (e) of Section 13 of Act 497 as amended by Act No. 81-1060, shall be given a one-time opportunity to elect to rejoin the Pension System as though they were being *681 employed for the first time by Jefferson County.
“Section 4. Act No. 93-927, H. 52, First Special Session of the Legislature of 1993 is repealed. All other laws or parts of laws which conflict with this act are repealed to the extent of the conflict.
“Section 5. The provisions of this act are severable. If any part of this act is declared invalid or unconstitutional, that declaration shall not affect the part which remains.
“Section 6. This act shall become effective upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
Ala.Code 1975, § 12-2-10, permits this Court to answer important constitutional questions. However, as we have previously stated, “ ‘[fjmportant constitutional questions’ must relate to matters of a general public nature and not to strictly local bills.” Opinion of the Justices No. 308, 449 So.2d 239, 240 (Ala.1984). It has been this Court’s policy for 35 years to decline to give advisory opinions on legislation involving purely local matters. Opinion of the Justices No. 333, 598 So.2d 1362 (Ala.1992); Opinion of the Justices No. 322, 507 So.2d 927 (Ala.1987); Opinion of the Justices No. 207, 287 Ala. 342, 251 So.2d 759 (1971); Opinion of the Justices No. 191, 281 Ala. 187, 200 So.2d 486 (1967); Opinion of the Justices No. 164, 269 Ala. 127, 111 So.2d 605 (1959). The question posed relates to legislation involving a purely local matter concerning employees of Jefferson County and does not fall within the limited exception to the policy we have established. See Opinion of the Justices No. 322, 507 So.2d 927 (Ala.1987). Thus, we respectfully decline to answer the question posed.
We know that the distinguished members of the Senate understand that this policy was adopted in order that the members of this Court may devote themselves to the preparation of opinions in the ever-increasing number of cases that come here by appeal and to answering requests for advisory opinions concerning proposed legislation of statewide application.
Answer declined.
Respectfully submitted,
SONNY HORNSBY Chief Justice
HUGH MADDOX
RENEAU P. ALMON
JANIE L. SHORES
GORMAN HOUSTON
HENRY B. STEAGALL, II
MARK KENNEDY
KENNETH F. INGRAM
RALPH D. COOK Justices