Members of the Senate
Alabama State House
Montgomery, Alabama 36130
Dear Senators:
We have received Senate Resolution No. 88, “Requesting an advisory opinion of the Justices of the Supreme Court relative to Senate Bill 417.” S.B. 417 is a local bill relating to the sale of wine in Jefferson County, and the questions posed in S.R. No. 88 ask whether S.B. 417 violates either § 104 or § 105 of the Alabama Constitution of 1901, both of which prohibit the enactment of special, private, or local laws in specified circumstances.
Alabama Code 1975, § 12-2-10, provides:
“The governor, by a request in writing, or either house of the legislature, by a resolution of such house, may obtain a written opinion of the justices of the supreme court of Alabama or a majority thereof on important constitutional questions.”
In Opinion of the Justices No. 164, 269 Ala. 127, 130, 111 So.2d 605, 608 (1959), the Justices of this Court concluded that “no more advisory opinions should be issued by the members of this Court when the only ques *1378 tions, constitutional or otherwise, involve purely local matters.” The Justices wrote that it was difficult to say that questions relating to a single county “involve or concern concrete, important constitutional questions upon matters or subjects of a general public nature.” Id., quoting In re Opinions of the Justices No. 1, 209 Ala. 593, 594, 96 So. 487, 489 (1923).
This practice of declining to answer questions pertaining only to local matters has been followed in Opinion of the Justices No. 191, 281 Ala. 187, 200 So.2d 486 (1967); Opinion of the Justices No. 192, 281 Ala. 231, 201 So.2d 103 (1967); Opinion of the Justices No. 196, 284 Ala. 484, 226 So.2d 87 (1969); Opinion of the Justices No. 207, 287 Ala. 342, 251 So.2d 759 (1971); Opinion of the Justices No. 304, 436 So.2d 832 (Ala.1983); Opinion of the Justices No. 308, 449 So.2d 239 (Ala.1984); and Opinion of the Justices No. 322, 507 So.2d 927 (Ala.1987). The Court has made exceptions to this policy when “it was necessary to decide such matters in developing the rationale to answer other questions of an important constitutional nature that involved general laws,” Opinion of the Justices No. 333, 598 So.2d 1362, 1367 (Ala.1992), or when the legislation “contains a constitutional amendment that must be ratified statewide,” id. Neither of these exceptions applies in regard to S.B. 417.
We know that the distinguished members of the Senate understand that this policy was adopted so that the members of this Court may devote themselves to preparing opinions in the cases that come here by appeal or by writ of certiorari and to answering requests for advisory opinions concerning proposed legislation of statewide application.
This request concerns a local bill that affects only Jefferson County, and it does not come within either exception to this Court’s policy of not answering questions involving only local matters. Consistent with the authorities cited, we respectfully decline to answer the question posed by S.R. 88.
Respectfully submitted,
SONNY HORNSBY Chief Justice
HUGH MADDOX
RENEAU P. ALMON
JANIE L. SHORES
J. GORMAN HOUSTON, Jr.
RALPH D. COOK
TERRY L. BUTTS Justices