Members of the House of Representatives
Alabama State House
Montgomery, Alabama
Dear Representatives:
We have received House Resolution No. 356, by which you request the opinion of the Justices as to whether pending House Bill No. 942 violates certain provisions of the Constitution of Alabama of 1901, as amended.
Your resolution reads:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinion on the following important constitutional questions which have arisen concerning the pending bill, House Bill 942, a copy of which is attached to this resolution and made a part hereof by reference.
“House Bill 942 of the 1997 Regular Session provides in part ‘In Etowah County, additional court costs in the amount of five dollars ($5) per day shall be assessed and collected against each person incarcerated or booked in the Etowah county Jail.’ The bill further provides that the sentencing court shall notify the respective court clerk of the exact amount of the assessment. The county sheriff and district attorney are empowered to collect the court costs. The revenues derived from the *829 court costs are allocated to the sheriff of Etowah County to be used for equipment and professional development purposes.
“The following relevant constitutional and statutory provisions are respectfully presented:
“Article 1, and in particular Sections 1, 6, and 7 of the Constitution of Alabama of 1901, guarantees all citizens due process and equal protection rights.
“Section 96 of the Constitution of Alabama of 1901, provides that the Legislature shall not enact any law not applicable to all the counties in the state regulating costs and charges of courts.
“Section 104 of the Constitution of Alabama of 1901, provides that the Legislature shall not pass a local law fixing the punishment of crime.
“Section 105 of the Constitution of Alabama of 1901, provides that no local law, except a law fixing the time for holding courts, shall be enacted in any ease which is provided for by a general law.
“Amendment 62 of the Constitution of Alabama of 1901, provides that in Etowah County, the Legislature may by local law fix, regulate, and alter the fees to be charged or received by certain officers, including the sheriff, circuit clerk, and register of the courts.
“Section 14-6-22 of the Code of Alabama 1975, provides that inmates in a county jail may be charged for housing, maintenance, and medical costs.
“Chapter 19 of Title 12 of the Code of Alabama 1975, in several sections, levies court fees.
“Based on these provisions of law and other applicable provisions:
“1. Does House Bill 942 violate Article 1 and in particular, Sections 1, 6, and 7 of the Constitution of Alabama of 1901?
“2. Does House Bill 942 violate Section 96 of the Constitution of Alabama of 1901? .
“3. Does House Bill 942 violate Section 104 of the Constitution of Alabama of 1901?
“4. Does House Bill 942 violate Section 105 of the Constitution of Alabama of 1901?
[[Image here]]
We must respectfully decline to answer your inquiries, because this is a purely local bill concerning the assessment of additional court costs against persons incarcerated or booked in the Etowah County jail. Since as early as 1959, the Justices have declined to render advisory opinions on purely local matters unless it was necessary to decide such matters in developing the rationale to answer other questions of an important constitutional nature that involved general laws, or when the questioned legislation dealt with a local matter but proposed a constitutional amendment that must be ratified statewide. Opinion of the Justices, No. 164, 269 Ala. 127, 111 So.2d 605 (1959); Opinion of the Justices, No. 304, 436 So.2d 832 (Ala.1983); Opinion of the Justices, No. 348, 665 So.2d 1377 (Ala.1995). Neither of these exceptions applies in regard to H.B. 942. Section 12-2-10, Ala.Code 1975, which allows the Governor or the Legislature to obtain advisory opinions from the Justices of this Court, specifies that the opinions must be “on important constitutional questions.” ‘“Important constitutional questions’ must relate to matters of a general public nature and not to strictly local bills.” Opinion of the Justices, No. 308, 449 So.2d 239, 240 (Ala.1984); Opinion of the Justices, No. 192, 281 Ala. 231, 201 So.2d 103 (1967); Opinion of the Justices, No. 164, supra. For the foregoing reasons, we respectfully decline to answer the questions propounded to us by House Resolution No. 356.
QUESTIONS DECLINED.
Respectfully submitted,
PERRY O. HOOPER, Sr. Chief Justice
HUGH MADDOX RENEAU P. ALMON JANIE L. SHORES J. GORMAN HOUSTON, Jr. MARK KENNEDY RALPH D. COOK TERRY L. BUTTS HAROLD SEE Associate Justices