*7 Members of the Senate
Alabama State House
Montgomery, Alabama 36130
Dear Senators:
We have received Senate Resolution No. 86, requesting the opinions of the Justices of the Supreme Court as to whether Senate Bill 563, if passed, would violate certain provisions of the Alabama Constitution of 1901. The Senate Resolution states:
‘WHEREAS, there is now pending in the Legislature Senate Bill 563 which provides and directs the appropriation and distribution of funds received by Jackson County as its portion of the in-lieu-of tax payments received by the State of Alabama from the Tennessee Valley Authority and which specifically provides in part for a portion of the fund to be appropriated to the Jackson County Discretionary Board consisting of the Chair of the Jackson County Commission, the senator, and two representatives, respectively, that are legislators representing all or part of Jackson County; now therefore,
“BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That the Justices of the Alabama Supreme Court, or a majority of them, are hereby requested to render to the Legislature their written opinion as provided in Section 12-2-10, Code of Alabama 1975, on the following questions concerning the bill, a copy of which is attached:
“(1) Does the bill violate Article III, Sections 42 and 43, of the Constitution of Alabama 1901, related to the separation of powers?
“(2) Does the bill violate Article IV, Section 72, of the Constitution of Alabama of 1901, related to payment of public funds?
“(3) Does the bill violate Article IV, Section 105, of the Constitution of Alabama of 1901, related to the enactment of local laws?”
Alabama Code 1975, § 12-2-10, provides that “[t]he Governor, by a request in writing, or either house of the Legislature, by a resolution of such house, may obtain a written opinion of the justices of the Supreme Court of Alabama or a majority thereof on important constitutional questions.” In its first advisory opinion, addressing the constitutionality of the Advisory Opinion Act, Act No. 43, Ala. Acts 1923, now codified at § 12-2-10, the Justices of the Supreme Court stated:
“Interpreting the act according to its manifest effects, these conclusions must, of necessity, prevail: (a) That the act does not at all contemplate the advice or the advisory opinions of the Justices upon any matter relating to the wisdom, desirability, or policy of prospective legislative or executive action; (b) that the merely advisory opinions contemplated are those of the individual Justices, not the Supreme Court of Alabama in its judicial capacity; (c) that specific inquiries, within the intent of the act, must involve or concern concrete, important constitutional questions upon matters or subjects of a general public nature, as distinguished from questions involved in the ascertainment or declaration of private right or interest; (d) and that responses to questions within the purview *8 of the act are designed to be advisory, consultative only, not concluding or binding the Governor or the House or Houses propounding inquiries or the Justices responding thereto.”
Opinion of the Justices No. 1, 209 Ala. 593, 594, 96 So. 487, 488-89 (1923) (emphasis added).
Senate Bill 563 relates exclusively and specifically to the appropriation and distribution of funds received by Jackson County and is, therefore, local legislation. See Norton v. Mobile Cnty., 562 So.2d 503, 505 (Ala.1990) (“[A]n act that was clearly intended to apply to a single county must be construed as a local act.”); Thomas v. Alabama Mun. Elec. Auth., 432 So.2d 470, 479 (Ala.1983) (“A local law also is one that applies to a particular locality or particular localities to the exclusion of others”). This Court has recently noted that it is disinclined to render an advisory opinion on proposed local legislation:
“Since 1959, it has been the policy of members of this Court to decline to answer [a request for] an advisory opinion on prospective legislative action involving a question on a local matter. In Opinion of the Justices No. 164, 269 Ala. 127, 111 So.2d 605 (1959), the Governor had requested an advisory opinion as to whether a proposed constitutional amendment dealing with the levy of special school taxes in Cleburne County was constitutional. The Justices stated:
“ ‘Our chief difficulty is whether questions relating to a school tax in a single county “involve or concern concrete, important constitutional questions upon matters or subjects of a general public nature,” ... as to require an advisory opinion.... But we do feel that no more advisory opinions should be issued by the members of this Court when the only questions, constitutional or otherwise, involve purely local matters.’
“269 Ala. at 130, 111 So.2d at 608 (quoting Opinion of the Justices No. 1, 209 Ala. at 594, 96 So. at 489). See also Opinion of the Justices No. 348, 665 So.2d 1377, 1378 (Ala.1995) (‘The Justices [in Opinion of the Justices No. 164] wrote that it was difficult to say that questions relating to a single county “involve or concern concrete, important constitutional questions upon matters or subjects of a general public nature.” ’ (quoting Opinion of the Justices No. 164, 269 Ala. at 130, 111 So.2d at 608, quoting Opinion of the Justices No. 1, 209 Ala. at 594, 96 So. at 489)); Opinion of the Justices No. 333, 598 So.2d 1362, 1367 (Ala.1992) (‘We note that for almost 30 years it has been the policy of this Court to decline to give advisory opinions on legislation involving purely local matters....’); Opinion of the Justices No. 304, 436 So.2d 832, 833-34 (Ala.1983); Opinion of the Justices No. 207, 287 Ala. 342, 342, 251 So.2d 759, 760 (1971) (declining to issue an advisory opinion because the question involved ‘purely local matters’); Opinion of the Justices No. 192, 281 Ala. 231, 231, 201 So.2d 103, 104 (1967); and Opinion of the Justices No. 191, 281 Ala. 187, 200 So.2d 486 (1967).”
Opinion of the Justice No. 383, 925 So.2d 193, 196-97 (Ala.2006).
This Court has recognized certain exceptions to this general policy “when ‘it was necessary to decide such matters in developing the rationale to answer other questions of an important constitutional nature that involved general laws,’ ... or when the legislation ‘contains a constitutional amendment that must be ratified statewide’ .... ” Opinion of the Justices No. 348, 665 So.2d 1377, 1378 (Ala.1995) (quoting Opinion of the Justices No. 333, 598 *9 So.2d 1362, 1367 (Ala.1992)). Neither of these exceptions appear to apply to Senate Bill 563.
Because this request involves proposed local legislation that affects only Jackson County and neither of the exceptions previously recognized by this Court are applicable, we must respectfully decline to answer the questions posed by Senate Resolution 86.
QUESTIONS DECLINED.
Respectfully Submitted,
/s/ Charles R. Malone Charles R. Malone Chief Justice
/s/ Thomas A. Woodall Thomas A. Woodall
/s/ Lyn Stuart Lyn Stuart
/s/ Michael F. Bolin Michael F. Bolin
/s/ Tom Parker Tom Parker
/s/ Glenn Murdock Glenn Murdock
/s/ Greg Shaw Greg Shaw
/s/ James Allen Main James Allen Main
/s/ A. Kelli Wise A. Kelli Wise Associate Justices